UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                           :
In re:                                     :    Case No. 12-10042 (SHL)
                                           :
Paul Christensen,                          :    Chapter 13
                                           :
                          Debtor.          :
_____ :


# MEMORANDUM AND ORDER TRANSFERRING VENUE

Before the Court are the Chapter 13 Trustee's motion to dismiss this case and motion to transfer venue to the Northern District of California.

On January 5, 2012, Paul Christensen (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On the petition, the Debtor stated that he currently resides at 24 Laurel Avenue, Larkspur, CA 94939 and that the residence is located in Marin County. On January 6, 2012, the Clerk's Office notified the Debtor that his bankruptcy case was deficient due to his failure to file: (i) a credit counseling certificate pursuant to 11 U.S.C. § 109(h); and (ii) Schedules A through J and a Statement of Financial Affairs pursuant to 11 U.S.C. § 521(i). *See* 11 U.S.C. § 521(a)(1) (providing for automatic dismissal of a debtor's chapter 13 case after 45 days from the petition date for failure to file required documents). To date, the Debtor has not cured these deficiencies. Further, the Debtor has failed to pay the requisite filing fee of $281.00 that was to be paid in four installments pursuant to an order dated January 10, 2012 (ECF No. 9), with the final payment due on April 6, 2012.

On January 31, 2012, the Chapter 13 Trustee filed the motion to transfer venue. (ECF No. 15.) The Chapter 13 Trustee asserts that the proper venue is the Northern District of California because (i) the Debtor and all of his assets are located in Larkspur, California; (ii) the Debtor previously filed two bankruptcy cases in the Northern District of California; (iii) the Debtor failed

to attend the Section 341 creditors meeting; (iv) the Debtor has not made any payments under the plan; (v) the Debtor has not provided the Chapter 13 Trustee with the requisite documents; and (vi) the bankruptcy filing has prejudiced and caused delay to the Debtor's creditors. In light of these deficiencies, the Chapter 13 Trustee has also filed a motion to dismiss this Chapter 13 case on March 5, 2012. (ECF No. 18.)

On March 6, 2012, the Debtor filed his opposition to the motion to transfer venue (ECF No. 19), asserting that the Southern District of New York is the proper venue because he is a co-debtor in the Bernard Madoff bankruptcy proceeding, was an investor in a Madoff feeder fund, and was "listed" in a number of other bankruptcy cases, including *In re Robert Eberwein*, Case No. 12-11486 and *In re Fred* Goyens, Case No. 09-13664 filed in the Southern District of New York. (Debtor's Petition at 2; Debtor's Opp'n. to Mot.)

On April 5, 2012, the Court held a hearing in this case. The Debtor did not attend that hearing. Instead, the Debtor sent Ms. Chaledeeannka Deborah Ann Goyens to the hearing and to submit documents on his behalf. As a result, the Court rescheduled the hearing since Ms. Goyens is not an attorney and, therefore, cannot represent the Debtor. On April 13, 2012, the Court held a second hearing, at which both the motion to dismiss and the motion to transfer venue were addressed. The Debtor and Chapter 13 Trustee appeared telephonically while Ms. Goyens[1] appeared in person. Just prior to the hearing, Ms. Goyens submitted additional papers requesting that this Court take judicial notice of Mr. Eberwein's bankruptcy filing in this Court. (ECF No. 26.)

---

[1] At the hearing, she provided a variety of names but requested that she be referred to as Ms. Eberwein. Given that she previously had identified herself as Ms. Goyens at the April 5, 2012 hearing and has provided identification to our Clerk's Office identifying her under that name, the Court will refer to her as Ms. Goyens.

2

Although there is a more than sufficient basis to dismiss the Debtor's bankruptcy case, the Court concludes that it is more appropriate to transfer the case to the United States Bankruptcy Court for the Northern District of California.

The term "'[v]enue' refers to the proper forum in which a case should be heard." *In re Alexander*, No. 98-11844, 1999 WL 240336, at *2 (Bankr.D.Vt., April 14, 1999). A determination as to whether the Debtor properly filed its petition in this district is governed by 28 U.S.C. § 1408. *Id*. That section provides that "a case under title 11 may be commenced in the district court for the district —

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . ; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

Further, pursuant to section 28 U.S.C. § 1412 "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." "Section 1412 is written in the disjunctive, which means 'interest of justice' and 'convenience of parties' are each independent grounds for transferring venue." *In re Asset Resolution LLC, et al.,* No. 09–16142, 2009 WL 4505944, at *2 (Bankr. S.D.N.Y., Nov. 24, 2009). Moreover, Federal Rule of Bankruptcy Procedure 1014(2) provides that if venue is determined to be improper, then the case may be transferred, stating:

> *Cases Filed in Improper District*. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

*See also In re Bell Tower Associates, Ltd.*, 86 B.R. 795, 798, 800 n.5 (Bankr. S.D.N.Y. 1988).

A transfer of this case is appropriate for several reasons. First, venue is clearly improper in this district. While the Debtor invokes the Bernard Madoff bankruptcy proceeding as a basis to file in the Southern District of New York, he does not explain why the Madoff bankruptcy would provide a basis for venue here. In fact, it does not provide a basis, even assuming that the Debtor invested money with Bernard Madoff (Debtor's Opp'n. at 1.) Rather, venue in this case is proper where the Debtor resides and where his assets are located, namely in California.

Second, a transfer of venue is in the interest of justice given the Debtor's prior bankruptcy filings in California and the information contained in his petition in this case. Both of the Debtor's recent bankruptcy cases in his home state of California were dismissed due to the Debtor's failure to honor his obligations as a Chapter 13 debtor: (i) *In re Paul Christensen*, Case No. 10-14798, filed on December 13, 2010 and subsequently dismissed on January 3, 2011, assigned to Judge Alan Jaroslovsky, Santa Rosa Division; and (ii) *In re Paul Christensen*, Case No. 11-10451, filed on February 10, 2011 and subsequently dismissed on February 28, 2011, also assigned to Judge Alan Jaroslovsky, Santa Rosa Division. (Order of Dismissal, Case No. 10-14798 (Bankr. N.D. Cal., January 3, 2011) (ECF No. 9); Order of Dismissal, Case No. 11-10451 (Bankr. N.D. Cal., February 28, 2011) (ECF No. 8).) With this third filing, the Debtor has yet again failed to fulfill his obligations as a Chapter 13 debtor, thus raising the concern that the Debtor may be abusing the bankruptcy process. Given the Debtor's prior two filings in California, the Northern District of California is in the best position to determine—considering the Debtor's past filings—whether there is an abuse of the bankruptcy process and, if so, whether any steps should be taken to combat such abuse. In this regard, the Court notes that the Debtor has stated that his bankruptcy is related to a number of individuals, including Robert Eberwein and Artis Bell. *See* Debtor's Opp'n to Mot. (ECF No. 19); Debtor's Appl. for Appearance by Agent at 2-3

(ECF No. 23); Debtor's Mot. to take Judicial Notice of Eberwein Bankruptcy Case at 1 (ECF No. 26). These individuals have filed multiple bankruptcy proceedings in California and have been the subject of orders restricting their ability to file and access those courts. *See In re Robert Daniel Eberwein*, Case No. 10-40860 (Bankr. N.D. Cal.) (order dated April 9, 2010, restricting Robert Eberwein's access to the clerk's office unless escorted by the Marshals and implementing filing procedures) (ECF No. 100); *In re Artis Bell d/b/a Chaledeeannka Deborah Ann Goyens a/k/a Chaledeeannka Deborah Ann Goyens*, Case No. 05-32521, Adv. Pro. No. 06-3129 (Bankr. N.D. Cal.) (order dated November 14, 2006, enjoining Ms. Goyens from using the name Artis Bell or any aliases and from filing any bankruptcy case, adversary proceeding, or any document therein in any United States Bankruptcy Court) (ECF No. 12); *In re Raymond Dobard*, Case No. 99-34016, Adv. Pro. No. 06-3130 (Bankr. N.D. Cal.) (order dated January 18, 2007, enjoining Ms. Goyens from providing document preparation services to any individual or entity where such documents are to be filed in any bankruptcy case) (ECF No. 14).

For all these reasons, this Court concludes that it is appropriate to transfer the Debtor's bankruptcy case to the Northern District of California. Accordingly, it is hereby,

ORDERED, that Case No. 12-10042 is transferred to the United States Bankruptcy Court for the Northern District of California pursuant to 28 U.S.C. §§ 1408, 1412 and Federal Rule of Bankruptcy Procedure 1014(a)(2), and it is further

ORDERED, that the Chapter 13 Trustee's motion to dismiss dated March 5, 2012 is denied without prejudice as moot.

Dated: **April 13, 2012**
      New York, New York

                                               */s/ Sean H. Lane*
                                               United States Bankruptcy Judge